# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEW JERSEY
U.S. COURTHOUSE
402 E. STATE STREET
TRENTON, NEW JERSEY 08608

| | |
|---|---|
| **Hon. Michael B. Kaplan**<br>United States Bankruptcy Judge | **609-989-0478**<br>609-989-2259 Fax |

February 24, 2011

Thaddeus Kwasnik, Pro Se Plaintiff
172 Sandy Ridge-Mt. Airy Road
Stockton, New Jersey 08559

Paul J. Maselli, Esq.
Kimberly Pelkey Sdeo, Esq.
Maselli Warren, P.C.
600 Alexander Road
Princeton, New Jersey 08540
Attorneys for Debtor-Defendant

                Re: Kwasnik v. Permahos
                    Case No. 09-40602 (MBK)
                    Adv. Proc. No. 10-1312 (MBK)

Counselors:

       The Court has heard oral arguments and has reviewed the submissions filed in the above referenced matter. The Court issues the following ruling:

       The Court has jurisdiction over this contested matter under 28 U.S.C. §§ 1334(a) and 157(a) and the Standing Order of the United States District Court dated July 10, 1984, referring all bankruptcy cases to the bankruptcy court. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(I) and (J). Venue is proper in this Court pursuant to 28 U.S.C. § 1408 and § 1409. The following constitutes the Court's findings of fact and conclusions of law as required by Fed. R. Bankr. P. 7052.

This matter is before the Court by way of a Motion to Dismiss an adversary complaint filed by Paul J. Maselli, Esq. on behalf of the Debtor-Defendant Dineen Permahos ("Defendant" or "Debtor").  Defendant argues that, pursuant to Federal Rule of Civil Procedure 12(b)(6), made applicable in an adversary proceeding pursuant to Fed. R. Bankr.P. 7012, Plaintiff has failed to state a claim upon which relief can be granted.  A hearing on the Motion was held on December 6, 2010.

On October 23, 2010, Plaintiff, the Debtor's ex-husband, filed a Second Amended Complaint seeking to deny the Debtor a discharge of her debts pursuant to 11 U.S.C. § 727(a)(2), (a)(3) and (a)(4)(A-C).[1]  Specifically, Plaintiff alleges that Defendant has engaged in the following misconduct, thus precluding Debtor from obtaining a discharge: (1) Defendant transferred possession of her vehicle, a 2004 Scion XB to her significant other, Todd Gruchacz ("Gruchacz"), a non-debtor, which was used as a down payment for the purchase of his new vehicle, along with other unspecified property; (2) Debtor transferred monies to her retirement savings fund to shield the funds from creditors; (3) Debtor undervalues her assets on Schedule B by 200%, including the cost of furs and jewelry Plaintiff purchased for Debtor during their marriage; (4) Defendant intentionally conceals her true "Household Income" and "Household Size" on Schedules I and J, specifically, failing to include her significant other and father; and (5) Defendant removed Plaintiff's electric and power tools, equipment, and machinery from the former marital residence.

---

[1] Plaintiff's adversary complaint was filed on March 1, 2010.  Plaintiff, at the request of the Court, filed an Amended Complaint on July 1, 2010.  The Amended Complaint also sought nondischargeability pursuant to 11 U.S.C. § 523(a)(2), (a)(4) and (a)(15).  On September 13, 2010, the Court dismissed Plaintiff's 11 U.S.C. § 523 claims and directed Plaintiff to file a Second Amended Complaint to clarify the 11 U.S.C. § 727 claims.

2

I.   **Dismissal Standard**

Pursuant to Federal Rule of Civil Procedure 12(b)(6), the Court may dismiss a complaint for failure to state a claim upon which relief may be granted. Stanziale v. Pepper Hamilton LLP, 335 B.R. 539, 545 (D. Del. 2005). In recent years, "pleading standards have . . . shifted from simple notice pleading to a more heightened form of pleading, requiring a plaintiff to plead more than the possibility of relief to survive a motion to dismiss." Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009). Thus, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Redrock Admin. Servs. LLC v. Magna Entm't Corp., 438 B.R. 380, 386 (Bankr. D. Del. 2010) (citing Twombly, 550 U.S. at 556). "Determining whether a complaint is facially plausible is a 'context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" Id.

In addition, as Plaintiff seeks denial of the Debtor's discharge pursuant to 11 U.S.C. § 727, Plaintiff must also satisfy the heightened pleading standards set forth in Federal Rule of Civil Procedure 9(b), made applicable herein pursuant to Fed. R. Bankr. P. 7009, which requires that allegations of fraud be pled with particularity. Fed. R. Civ. P. (9)(b). Rule 9(b) provides that:

> [i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally.

Id. Pleading fraud requires the complaint to include specificity as to the "circumstances constituting fraud" such as the "who, what, when, where and how." In re Dulgerian, 388 B.R. 142, 147 (Bankr. E.D. Pa. 2008) (citing In re Rockefeller Center Properties, Inc. Securities Litigation, 311 F.3d 198, 217 (3d Cir. 2002)). This particularity requirement "place[s] the defendants on notice of the precise misconduct with which they are charged, and . . . safeguard[s] defendants against spurious charges of immoral and fraudulent behavior." Seville Industrial Machinery Corp. v. Southmost Machinery Corp., 742 F.2d 786, 791 (3d Cir. 1984). Pursuant to Fed. R. Bankr. P. 7009, a 12(b)(6) motion to dismiss may be predicated upon a plaintiff's failure to meet the heightened pleading requirements of Rule 9(b). See Fed. R. Bankr. P. 7009; In re Tarragon Corporation, 2010 WL 3921996 *9 (Bankr. D.N.J. 2010).

"Despite Rule 9(b)'s stringent requirements . . . 'courts should be 'sensitive' to the fact that application of the Rule prior to discovery 'may permit sophisticated defrauders to successfully conceal the details of their fraud." In re Burlington Coat Factory Securities Litigation, 114 F.3d 1410, 1418 (3d Cir. 1997) (citing Shapiro v. UJB Financial Corp., 964 F.2d 272, 284 (3d Cir. 1992)). "Accordingly, the normally rigorous particularity rule has been relaxed somewhat where the factual information is peculiarly within the defendant's knowledge or control." Id.; In re Kishbaugh, 399 B.R. 419, 425 (Bankr. M.D. Pa. 2009).

## II. The Sufficiency of Plaintiff's Complaint

### i. 11 U.S.C. § 727(a)(2)

To warrant denial of discharge under 11 U.S.C. § 727(a)(2), the proponent must prove by a preponderance of the evidence that the debtor: "(1) transferred or concealed property; (2) belonging to [her]; (3) within one year of the bankruptcy filing or after the petition was filed; and (4) with intent to hinder, delay, or defraud a creditor." Serio v. DiLoreto, 266 Fed.Appx. 140,

4

144 (3d Cir. 2008) (citing In Re Dawley, 312 B.R. 765, 782 (Bankr. E.D. Pa. 2004)). As the Debtor's actual intent may be difficult to glean, "actual fraudulent intent may be ascertained by circumstantial evidence or inferences drawn from a course of conduct." In re Dawley, 312 B.R. at 782.

In the instant proceeding, Mr. Kwasnick has failed to plead a sufficient claim under 11 U.S.C. § 727(a)(2). With respect to the transfer of the 2004 Scion XB to Todd Gruchacz, Defendant explained the vehicle transfer to Trustee Orr and Trustee Atkinson who filed Notices of Abandonment after evaluating the transfer and determining said transfer was not improper. Moreover, the trade-in value of the vehicle was a nominal $4,700, nearly all of which would have been exempted under the Debtor's residual § 522(d)(5) exemption. More significantly, the complaint fails to furnish any factual support for the naked assertion that Defendant's transfer of the vehicle was done with any intent to hinder, delay or defraud creditors. Plaintiff also alleges that Defendant has transferred unspecified property to Gruchacz but fails to elaborate as to what property Defendant transferred or when said property was transferred. Lastly, Plaintiff alleges that monies deposited into Defendant's AT & T retirement account are not *bona fide* pension monies. However, Defendant has provided supporting documentation showing that her retirement account is an exempt asset, to which neither Chapter 7 Trustee objected. As such, the Court finds a cause of action has not been stated under § 727(a)(2).

    ii.       11 U.S.C. § 727(a)(3)

Plaintiff additionally falls short of meeting his pleading burden with respect to his 11 U.S.C. § 727(a)(3) allegations. Pursuant to § 727(a)(3), a discharge can be denied if:

> (3) the debtor has concealed, destroyed mutilated, falsified, or failed to keep or preserve any recorded information, including books, documents, records, and papers, from which

>the debtor's financial condition or business transactions might be ascertained, unless such act or failure to act was justified under all of the circumstances of the case …

Id. "To state a prima facie case under section 727(a)(3), a party objecting to the discharge must show that (1) the debtor failed to maintain and preserve adequate records and (2) this failure to maintain makes it impossible to ascertain the debtor's financial condition and material business transactions." In re Jacobs, 381 B.R. 147, 166 (Bankr. E.D.Pa. 2008) (citing Meridian Bank v. Alten, 958 F.2d 1226, 1232 (3d Cir. 1992)). Plaintiff has failed to plead any factual predicate evidencing Debtor's failure to maintain or falsify her records. Instead, Plaintiff's own exhibits illustrate that Defendant has provided accurate financial information in the filing of her bankruptcy. Therefore, Plaintiff's § 727(a)(3) claim is dismissed.

   iii.  11 U.S.C. § 727(a)(4)(A-C)

Plaintiff also seeks to deny the Debtor a discharge of her debts under § 724(a)(4)(A-C). The Court shall grant the debtor a discharge, unless "(4) the debtor knowingly and fraudulently, in or in connection with the case – (A) made a false oath or account; (B) presented or used a false claim; [or] (C) gave, offered, received, or attempted to obtain money, property, or advantage, or a promise of money, property or advantage, for acting or forbearing to act." § 727(a)(4)(A-C).

As noted above, Plaintiff alleges that Defendant has lied on her petition, in correspondence with the Chapter 7 Trustees, and at the § 341 creditor's meeting by misrepresenting her family size, income, and undervaluing her assets. These allegations are unsubstantiated. At the time of the filing, Defendant had no spouse and, at present, Defendant's father is not her economic dependent. Moreover, Defendant's sole source of income is derived from W-2 wages, as stated on her petition and as provided to the Chapter 7 Trustees via pay stubs and income tax returns. Defendant has no interest in any businesses, including that of

Gruchacz, her significant other. Lastly, Plaintiff has failed to provide any calculation or additional information regarding how Defendant's valuation of assets at $111,260.000 is inaccurate. Plaintiff alleges that Defendant's assets are 200% greater than this figure but advances no factual substantiation for this conclusion. As such, the Court is not persuaded that Plaintiff has satisfied the heightened Rule 9(b) pleading requirements.[2]

### III. Conclusion

Ultimately, even when read in a light most favorable to Plaintiff, Plaintiff has not satisfied the heightened pleading requirements set forth under Rule 9(b). Despite the Court's repeated direction to amend his pleadings so as to amplify a factual predicate for the allegations, Plaintiff's complaint remains deficient with respect to the claims alleged and fails to state a claim upon which relief can be granted.[3] Accordingly, Defendant's Motion to Dismiss is granted. Defendant is directed to submit a form of order.

*[signature]*
Honorable Michael B. Kaplan
United States Bankruptcy Judge

---

[2] The Court pauses to address Plaintiff's allegation that Defendant removed Plaintiff's electric and power tools, equipment, and machinery from the former marital residence. The Court believes that the alleged removal of said property is irrelevant to the instant proceeding. Instead, this alleged removal involves Plaintiff's – not Debtor's – property. This Court agrees with Defendant that, to the extent that Plaintiff seeks resolution of equitable distribution issues, the same remain non-dischargeable pursuant to 11 U.S.C. § 523(a)(15) and can be addressed by the state court.

[3] While by no means determinative of the issues herein, the Court considers it compelling that the Chapter 7 Trustee, Bunce Atkinson, has made a diligent inquiry into the financial affairs of the Debtor and the property belonging to the bankruptcy estate and has filed a no distribution report, indicating his belief that the aforementioned claims lack sufficient merit to continue pursuit.